**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:  2:26-CV-01025-DCN**

| | | |
|---|---|---|
| Robin Smalls-Alston, | | |
| | Plaintiff, | |
| v. | | **ANSWER**<br>**(Jury Trial Demanded)** |
| Thelma Lee Brown, | | |
| | Defendant. | |

**TO:   JAMES G. BIGGART, II, ESQUIRE, ATTORNEY FOR ROBIN SMALLS-ALSTON, AND TO THE PLAINTIFF ABOVE NAMED:**

The Defendant, answering the Plaintiff's Complaint herein, would respectfully show unto the Court the following:

**FOR A FIRST DEFENSE**
**(General Denial)**

1.     The Defendant denies each and every allegation of the Plaintiff's Complaint not hereinafter specifically admitted.

2.     Paragraphs 1 and 2 of Plaintiff's Complaint are admitted upon information and belief.

3.     As to Paragraph 3 of Plaintiff's Complaint, the alleged amount in controversy is unknown to the Defendant and therefore denied.

4.     Paragraphs 4 and 5 of Plaintiff's Complaint are admitted upon information and belief.

5.      As to Paragraphs 6, 7, and 8 of Plaintiff's Complaint, the Defendant admits that on or about December 11, 2025, the Defendant was involved in an accident with the Plaintiff on Highway 162 in Charleston County. Otherwise, Paragraphs 6, 7, and 8 are denied.

6.      Paragraphs 9, 10, and 11 of Plaintiff's Complaint are denied.

## FOR A FIRST DEFENSE TO THE FIRST CAUSE OF ACTION
### (Negligence *Per Se*)

7.      Paragraph 15 of Plaintiff's Complaint is denied.

8.      Paragraph 16 of Plaintiff's Complaint states a conclusion of law that requires no response.

9.      Paragraphs 17, 18, 19, and 20 of Plaintiff's Complaint are denied.

## FOR A FIRST DEFENSE TO THE SECOND CAUSE OF ACTION
### (Negligence, Gross Negligence, and Recklessness)

10.     Paragraph 21 of Plaintiff's Complaint is denied.

11.     Paragraph 22 of Plaintiff's Complaint states a conclusion of law that requires no response.

12.     Paragraphs 23, 24, 25, 26, and 27 of Plaintiff's Complaint are denied.

## FOR A SECOND DEFENSE
### (Punitive Damages)

13.     The Defendant adopts and reasserts each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

14.     The Defendant would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that this Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because this Defendant can be compelled to

give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates this Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

## FOR A THIRD DEFENSE
### (Punitive Damages)

15.     The Defendant adopts and reasserts each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

16.     Pursuant to S.C. Code Ann. §15-32-520, any proceeding to determine punitive damages should be bifurcated from any trial to determine liability and compensatory damages.

## FOR A FOURTH DEFENSE
### (Punitive Damages)

17.     The Defendant adopts and reasserts each and every contention set forth above and not inconsistent herewith as if fully repeated herein.

18.     Any award of punitive damages should not exceed the greater of three (3) times the amount of compensatory damages as provided for in S.C. Code Ann. §15-32-530.

WHEREFORE, having answered the Plaintiff's Complaint, Defendant respectfully requests that the Complaint be dismissed, with costs, and for such other and further relief as the Court deems just and proper.

Defendant demands a jury trial.

**MURPHY & GRANTLAND, P.A.**

*s/John M. Grantland*
John M. Grantland, Esquire
Federal ID: 6462
P.O. Box 6648
Columbia, SC 29260
T: 803-782-4100
F: 803-782-4140
jgrantland@murphygrantland.com

*Attorneys for Defendant*

Columbia, South Carolina
May 22, 2026